■ IRWIN FEINSILVER, Respondent, v. ROBERT CONRAD, Appellant.— In an action by a lessee of real property against the lessor to recover damages for fraud and breach of warranty, and to recover back the security deposited under the lease on the theory of conversion, the appeal is (1) from a judgment entered after trial before the court without a jury in favor of the lessee, and (2) from an order denying the lessor's motion for a new trial and for other relief. Judgment unanimously affirmed, with costs, and order unanimously affirmed, without costs. The lessor, appellant herein, expressly warranted that the use of the demised premises as a used car lot was permissible. The warranty was false. Recovery of damages thereon was proper even though the lease for the nonpermitted use was illegal. (*Municipal Metallic Bed Mfg. Corp.* v. *Dobbs,* 253 N. Y. 313.) The proof as to the conversion of the security by the appellant was ample. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ GEORGE FRANZ, Respondent, v. FLORENCE LARSON et al., Appellants.— In an action to recover damages for personal injuries, the appeal is from an order denying a motion to dismiss the complaint for lack of diligent prosecution. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ BESSIE GARRETT et al., Respondents, v. JOHN PELLIGRINI et al., Appellants.— In an action to recover damages for injuries to person and property, and for loss of services, the appeal is from an order (1) granting respondents' motion for summary judgment (Rules Civ. Prac.. rule 113) and (2) directing an assessment of damages. Respondent Bessie Garrett was injured and her motor vehicle was damaged when it was in a collision with appellants' motor vehicle. Order reversed. with $10 costs and disbursements. and motion denied. The papers present triable issues of fact which prevent the direction of judgment as a matter of law. Nolan. P. J.. Wenzel, Bedlock. Ughetta and Hallinan JJ., concur.